# EXHIBIT A

# 2025-14206 / Court: 215

## CAUSE NO. _____

| | | |
|---|---|---|
| SANDRA LITTLE, Individually and as Next Friend of AL | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| AMAZON.COM, INC. COLSEN, LLC and GUSAR, LLC d/b/a COLSEN FIRE PITS | § § § | |
| Defendants | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff, Samantha Loving, files this complaint against defendants Amazon.com, Inc. and Gusar, LLC DBA Colsen Fire Pits and for cause of action shows the Court as follows:

### I.   PARTIES

1.      Plaintiff Sandra Little (Plaintiff) resides in Harris County, Texas. The minor Plaintiff (AL) was severely injured at her home in Harris County, Texas by Defendants' defective tabletop fire pit.

2.      Defendant Colsen Firepits LLC (Colsen), is a foreign corporation, incorporated in the State of Florida, with its principal place of business at 7901 4th St. N. Suite 300, St. Petersberg, FL 33702.  Colsen LLC does not maintain a registered agent in Texas. Colsen LLC has sufficient contacts with Texas that, under the Texas Long-Arm Statute, Section 17.044 et seq. of the Texas Civil Practice & Remedies Code, it can be served with process by serving the Texas Secretary of State, with process to be forwarded to Defendant via its registered agent, Michael Nebrich,, Northwest Registered Agent LLC, 7901 4th St. N Suite 300, St. Petersburg, FL 33702.  **Service of process is requested at this time.**

Unofficial Copy Office of Marilyn Burgess District Clerk

1

3. Defendant Gusar, LLC d/b/a Colsen Firepits (Gusar), is a foreign corporation, incorporated in the State of Florida, with its principal place of business at 4777 NW 72nd Ave, Miami, FL 3316. Gusar does not maintain a registered agent in Texas. Gusar has sufficient contacts with Texas that, under the Texas Long-Arm Statute, Section 17.044 et seq. of the Texas Civil Practice & Remedies Code, it can be served with process by serving the Texas Secretary of State, with process to be forwarded to Defendant via its registered agent, Gustavo Pantin, at 745 Bayside Lane Weston, Florida 33326. **Service of process is requested at this time.**

4. Defendant Amazon.com, Inc. (Amazon) is a Delaware corporation with its principal place of business at 1200 12th Avenue S, Suite 1200 Seattle, WA 98144. Defendant Amazon has sufficient contacts with Texas that, under the Texas Long-Arm Statute, Section 17.044 et seq. of the Texas Civil Practice & Remedies Code, it can be served with process by serving the Texas Secretary of State, with process to be forwarded to Defendant via its registered agent Corporation Services Company, 251 Little Falls Drive, Wilmington, DE 19808. **Service of process is requested at this time.**

## II.   DISCOVERY PLAN LEVEL 3

5. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## III.   JURISDICTION AND VENUE

6. The court has jurisdiction over the claims asserted herein. Venue is proper in Harris County, under Texas Civil Practice and Remedies Code §15.002(a)(1), as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

7. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00, but not more than $1,000,000.00.

Unofficial Copy Office of Marilyn Burgess District Clerk

8. This Court has personal jurisdiction over Defendants because the defective tabletop fire pit at issue, which was manufactured, marketed, and/or sold by Defendants, was purchased in Texas by a citizen of Texas. Further, Defendants' defective tabletop fire pit injured the minor Plaintiff AL at her home in this district of the State of Texas.

## IV. FACTS

9. On March 3, 2023, Plaintiff owned and used a Colsen tabletop rubbing alcohol fireplace indoor outdoor fire pit portable fire concrete bowl pot fireplace (Colsen fire pit) purchased on Amazon.com and sold by Colsen and/or Gusar.

10. The Colsen fire pit was purchased through Amazon's website, Amazon.com, on December 15, 2021.

11. The Colsen fire pit was designed, manufactured, and introduced into the stream of commerce by the defendants Colsen, Gusar, LLC. and Amazon, who were engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of electronics, including the type of fire pit which injured Plaintiff. The Defendants sold these products, including the Colsen/Gusar, LLC. fire pit, via Amazon's online marketplace and distribution system.

12. Amazon heavily portrayed itself as a safe and trustworthy company. Plaintiff believed Amazon would not have allowed dangerous products like the Colsen fire pit to be available for sale on its website. Further, Plaintiff believed that if Amazon learned the Colsen fire pit was dangerous, Amazon would conduct a prompt and thorough investigation of that product and, when appropriate, notify purchasers of that product and/or completely remove the product from its e-commerce platform. As a result, Plaintiff purchased the Colsen fire pit on Amazon.com.

13. Amazon voluntarily undertook to provide several safety-related services for the

Unofficial Copy Office of Marilyn Burgess District Clerk

3

benefit of individuals who purchase and use products purchased through Amazon's website. Amazon's purported goal in offering these services has been to fully vet the safety and reliability of not just the products being sold on Amazon's website, but also of the sellers. Amazon's affirmative representations of reliability and its sales-enhancing services were in place long before Plaintiff's Colsen fire pit was purchased, and they distinguished Amazon from other online marketplaces that acted as hands-off platforms. Amazon's actions established that Amazon voluntarily undertook to act as a marketplace gate keeper and regulator. Amazon has held that role during all times relevant to Plaintiff's incident.

14. Amazon provided extensive details on its voluntary undertaking in a post it made on its own website in 2019:[1]

*"Amazon strives to be Earth's most customer-centric company, where people can find and discover the widest possible selection of safe and authentic goods, and we work hard to earn and maintain your trust. In 2018 alone, we invested over $400 million to protect our store and our customers and built robust programs to ensure products offered are safe, compliant, and authentic.*

*Amazon offers customers hundreds of millions of items, and we have developed, and continuously refine and improve, our tools that prevent suspicious, unsafe, or non-compliant products from being listed in our store.*

*Our proactive measures begin when a seller attempts to open an account. Our new seller account vetting includes a number of verifications and uses proprietary machine learning technology that stops bad actors before they can register or list a single product in our store. All products offered in our stores must comply with applicable laws and regulations, and our own policies. For example, we require toys to be tested to relevant safety standards set by the Consumer Product Safety Commission. We have a dedicated global team of compliance specialists that review submitted safety documentation, and we have additional qualification requirements that sellers must meet to offer products. In 2018, our teams and technologies proactively blocked more than three billion suspect listings for various forms of abuse, including non-compliance, before they were published to our store.*

*Once a product is available in our store, we continuously scan our product listings and updates to find products that might present a concern. Every few minutes, our tools review the hundreds of millions of products, scan the more than five billion attempted daily changes to product detail pages, and analyze the tens of millions of customer reviews that are submitted weekly for signs of a concern and investigate accordingly. Our tools use natural language processing and machine learning, which means new information is fed into our tools daily so they*

Unofficial Copy Office of Marilyn Burgess District Clerk

*can learn and constantly get better at proactively blocking suspicious products.*

*In addition, we provide a number of ways for regulatory agencies, industry organizations, brands, customers, and our customer service teams to report safety issues. When we receive these reports, we move quickly to protect customers, remove unsafe products from our store, and investigate. For example, if a customer reports a concern with a product, a customer service associate can instantly trigger an investigation. Additionally, because of our direct relationships with customers, we are able to trace and directly notify customers who purchased a particular product online and alert them to a potential safety issue—our systems are far more effective than other online and offline retailers and customers can feel confident they'll have the information they need.*

*[...] We invest significant resources to protect our customers and have built robust programs designed to ensure products offered for sale in our store are safe and compliant. We want customers to shop with confidence and if ever a customer has a concern, they can contact our customer service team, and we will investigate."[1]*

15. Amazon has an established history of monitoring the safety of the products on its website and taking unilateral action to remove dangerous products from the available listings and to warn consumers who purchased such products of the potential hazards they present. This history includes, for example, Amazon's recall on June 30, 2021, of ~4,900 units of children's sleepwear garments that were being sold on Amazon's site by Chinese companies located in the city of Shenzhen. At all relevant times, Amazon maintained the same kind of control over the Colsen fire pit.

16. The unsafe condition of the Colsen Fire Pit, including any latent defects that made the Colsen fire pit prone to dangerous overheating, flame jetting, and ignited fuel spilling over was one that a basic investigation by Amazon would have easily and quickly revealed.

17. Despite this, Amazon did nothing to mitigate this danger. Amazon did not: 1) properly vet Defendant Gusar, LLC. before listing their products on Amazon's website, 2) properly vet the Colsen fire pit before listing it on Amazon's website, 3) recall, remove, or bar the Colsen

---

[1] https://www.aboutamazon.com/news/company-news/product-safety-and-compliance-in-our-store

fire pit from Amazon's website, or 4) warn or otherwise notify Plaintiff about the unreasonably dangerous condition of the Colsen fire pit until October 29, 2024. Unfortunately, this recall was too late for AL and many other injured consumers.

18. These acts and omissions of Defendants resulted in Plaintiff purchasing the Colsen fire pit. On March 3, 2023, Plaintiff and family including AL were seated on Plaintiff's patio using the Colsen fire pit in accordance with the instructions. When fuel was added to the Colsen fire pit, flames immediately shot out of the fire pit into the air, igniting the minor AL's clothing and parts of her body. The minor AL suffered severe burns to her body. The minor Plaintiff AL suffered severe burns to her chest, hands and legs and suffered hair loss, requiring emergency medical treatment and ongoing medical care.

## V. CAUSES OF ACTION

### A. Strict Products Liability – Colsen LLC and Gusar, LLC DBA Colsen Fire Pits

19. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

20. It was the duty of Defendants Colsen and/or Gusar to design, manufacture, test, market, advertise, label, distribute, and sell Colsen fire pits so they are reasonably safe for foreseeable use.

21. At the time the Colsen fire pit at issue left the control of Defendants Colsen and/or Gusar. and was sold, it contained one or more conditions which rendered it defective and unreasonably dangerous in light of its nature and intended use.

22. At all times, the Colsen fire pit was used in the manner intended, recommended, or reasonably foreseeable by Defendants Colsen and Gusar, LLC. There were and are no other reasonable, secondary causes of the minor Plaintiff's injuries and damages other than the use of

6

the Colsen fire pit.

23. The Colsen fire pit Defendants Colsen and/or Gusar manufactured and/or supplied was defective in design, manufacture, and/or warning in that when it left the hands of Defendants Colsen and/or Gusar the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

24. The Colsen fire pit Defendants Colsen and/or Gusar designed, manufactured, marketed, sold, and supplied, and Plaintiff purchased and used was defective in its design, manufacture, and labeling in that Defendants Colsen and/or Gusar knew or should have known of its dangers and risks of overheating, flame jetting, and ignited fuel spilling over but failed to adequately warn or instruct users like Plaintiff of the nature and extent of those risks.

25. The Colsen fire pit Defendants Colsen and/or Gusar designed, manufactured and/or supplied was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner. Specifically, the Colsen fire pit had poorly designed components that created an unreasonable risk of harm that was unknown and could not have been known by users like Plaintiff.

26. Safer alternative designs of the Colsen fire pit are available and are currently marketed by other sellers.

27. The Colsen fire pit Defendants Colsen and/or Gusar designed, manufactured and/or distributed was also defective in that Defendants Colsen and/or Gusar failed to adequately test this product before placing it into the stream of commerce.

28. As a direct and proximate result of the defective conditions of the Colsen fire pit as manufactured by Defendant Gusar, LLC., the minor Plaintiff suffered injuries and damages for which Plaintiff sues.

Unofficial Copy Office of Marilyn Burgess District Clerk

7

**B.** **Negligence – Colsen, LLC and Gusar, LLC DBA Colsen Fire Pits**

29. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

30. Defendants Colsen and/or Gusar had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling and/or distribution of the Colsen fire pit it placed into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

31. Defendants Colsen and/or Gusar breached its duty of care to Plaintiff through their negligent acts and omissions. Defendants Colsen and/or Gusar did not exercise reasonable care in the warning, design, manufacture, sale, testing, labeling and/or distribution into the stream of commerce of the Colsen fire pit in that Defendants Colsen and/or Gusar knew or should have known that the Colsen fire pit could cause serious injuries.

32. Defendants Colsen and/or Gusar were negligent in the design, manufacture, sale, testing, and/or distribution of the Colsen fire pit in that they: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing the fire pit so as to avoid or warn against the described risks to consumers who used the fire pit; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of the fire pit despite having actual and/or constructive knowledge of such dangers.

33. Defendants Colsen and/or Gusar knew or should have known that Plaintiff and other users could foreseeably suffer injuries as a result of Defendants Colsen and/or Gusar's failure to exercise ordinary care as described above.

34. As a direct and proximate result of Defendant Gusar, LLC.'s negligence, the minor Plaintiff suffered injuries and damages for which Plaintiff sues.

Unofficial Copy Office of Marilyn Burgess District Clerk

**C.     Breach of Express Warranty – Colsen, LLC and Gusar, LLC DBA Colsen Fire Pits**

35.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

36.     Defendants Colsen and/or Gusar were merchants and sellers with respect to the Colsen fire pit.

37.     In order to induce the purchase and/or use of the Colsen fire pit, Defendants Colsen and/or Gusar expressly warranted to potential users of the Colsen fire pit that it was safely designed, tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used. Express warranties were contained in information on the product pages on Amazon's website, Defendants Colsen and/or Gusar website, and elsewhere.

38.     Defendants Colsen and/or Gusar breached said warranty in that the Colsen fire pit was not safe to be used for the purposes for which it was manufactured and/or advertised.

39.     The minor Plaintiff was injured as a result of detrimental reliance upon Defendants Colsen and/or Gusar's express warranties.

40.     As a direct and proximate result of one or more of the foregoing breaches of express warranty, the minor Plaintiff suffered injuries and damages for which Plaintiff sues.

**D.     Negligence – Amazon.com, Inc.**

41.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

42.     At all pertinent times, Amazon had voluntarily undertaken to thoroughly vet the safety and reliability of: 1) all sellers who were listing products on Amazon's website, and; 2) all products being sold on Amazon's website. Amazon had also voluntarily undertaken to thoroughly

investigate all reports of dangerous products on its website, and to protect individuals who used products purchased through Amazon by notifying them of unsafe products. These services were undertaken by Amazon for the benefit of all individuals who used products purchased through Amazon's website, including Plaintiff.

43. Defendants Colsen and/or Gusar was a seller on Amazon's website, and Amazon had voluntarily undertaken to fully vet the safety and reliability of Defendants Colsen and/or Gusar, before they listed any of their products on Amazon's website. Similarly, the Colsen fire pit was a product being sold on Amazon's website, and Amazon had voluntarily undertaken to fully vet the safety and reliability of the Colsen fire pit before it was listed on Amazon's website. Amazon had also voluntarily undertaken to investigate the dangerous latent condition of the Colsen fire pit once it was reported by a user, and Amazon was aware of the dangerous condition that subsequently caused Plaintiff's injuries well before the Colsen fire pit was purchased. Finally, Amazon had voluntarily undertaken to protect Plaintiff from the Colsen fire pit by recalling, removing, or barring the Colsen fire pit from Amazon's website, or by warning or otherwise notifying Plaintiff about the unreasonably dangerous nature of the Colsen fire pit.

44. Based on its voluntary undertaking, Amazon owed Plaintiff a duty to exercise reasonable care in the performance of the above-described safety-related services, and also owed Plaintiff a duty to use the same degree of care that a reasonably careful person would use to avoid harm to others under similar circumstances.

45. Although Amazon knew or should have known the above-described safety-related services were necessary for Plaintiff's protection, it failed to exercise reasonable care in performing those services, thereby violating the above duties. Specifically, Amazon:

(a) failed to properly vet the Defendants Colsen and/or Gusar;

(b)     failed to properly vet the Colsen fire pit;

(c)     exposed and introduced Plaintiff and the minor Plaintiff to a dangerous product by allowing the Colsen fire pit to be listed on Amazon's website;

(d)     ignored the red flags raised by user reviews indicating the Colsen fire pit was dangerous and failed to properly investigate the dangerous latent condition of the Colsen fire pit; and

(e)     failed to warn Plaintiff about the unreasonably dangerous latent condition of the Colsen fire pit of which Amazon was aware.

46.     Plaintiff relied upon Amazon to perform the above-described safety-related services because Amazon marketed itself as a safe and reliable marketplace. Plaintiff purchased the Colsen fire pit because she believed it would be safe and reliable since it was sold on Amazon's website. Amazon guaranteed and promoted the Colsen fire pit as being safe and created a false sense of security for Plaintiff. Plaintiff trusted Amazon had verified the reliability of the Defendants Colsen and/or Gusar and the safety of the Colsen fire pit when she purchased and used the Colsen fire pit.

47.     Additionally, Amazon's failure to properly vet the safety and reliability of the Defendants Colsen and/or Gusar and the Colsen fire pit and failure to properly investigate and warn about the dangerous latent condition of the Colsen fire pit even after being made aware of it significantly increased Plaintiff's risk of harm because Plaintiff would never have come across Defendants Colsen and/or Gusar and the Colsen fire pit and purchased it but for its being listed and promoted as a safe product on Amazon's website. Similarly, Plaintiff would not have used the Colsen fire pit on the day the minor Plaintiff was injured if she had been alerted to the danger of the Colsen fire pit by Amazon.

48.     As a direct and proximate result, Plaintiff was damaged as set forth below.

## VI. DAMAGES

Unofficial Copy Office of Marilyn Burgess District Clerk

49.      Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

50.      The facts set out above demonstrate that, as a direct and proximate result of Defendants Colsen and/or Gusar and Amazon's conduct, Plaintiff and the minor Plaintiff suffered severe economic and non- economic losses and injuries for which they are entitled to recover damages.

51.      Upon trial of this cause, Plaintiff will respectfully request the Court or jury to determine the amount of loss which Plaintiff and the minor Plaintiff have incurred in the past, and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry as a direct and proximate result of Defendants' actions and inactions. There are certain elements of damages provided by law that Plaintiff and the minor Plaintiff are entitled to have the Court or jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff and the minor Plaintiff for the injuries and the damages and losses incurred and to be incurred.

52.      From the date of the occurrence in question until the time of the trial of this case, those elements of damages, to be considered separately and individually for the purpose of determining the sum of money that will thoroughly and reasonably compensate Plaintiff for each element, are as follows:

   a) The physical pain and mental anguish that the minor Plaintiff has suffered from the date of the occurrence in question up to the time of the trial;

   b) The amount of reasonable medical expenses necessarily incurred in the treatment of the minor Plaintiff from the date of the occurrence up to the time of trial;

   c) The physical impairment and disability suffered by the minor Plaintiff from the time of the occurrence in question up to the time of trial;

d) The physical disfigurement suffered by the minor Plaintiff from the date of the occurrence in question up to the time of trial; and

e) Such other and further items of damage as may be supplemented as a result of discovery performed in this suit.

53.     From the time of the trial of this case, the elements of damages to be separately considered which Plaintiff and the minor Plaintiff will, in all reasonable probability, sustain in the future are such of the following elements that will be shown by a preponderance of the evidence as follows:

1. The physical pain and mental anguish that the minor Plaintiff will suffer in the future beyond the time of trial;

2. The reasonable value of medical expenses that will necessarily be incurred in the treatment of the minor Plaintiff's injuries in the future beyond the time of trial;

3. The physical impairment and disability that the minor Plaintiff will suffer in the future beyond the time of trial;

4. The physical disfigurement which the minor Plaintiff will suffer in the future; and

5. Such other and further items of damage as may be supplemented as a result of discovery performed in this suit.

## EXEMPLARY DAMAGES

54.     Plaintiffs would show (a) that Defendants' acts or omissions, when viewed objectively from the Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or (b) that Defendants had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the safety or welfare of others.  Because Plaintiffs would show, therefore, that the harm with respect to which they seek recovery results from gross negligence, Plaintiffs are also entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## JURY DEMAND

55.     Plaintiffs respectfully demand a trial by jury and said jury fee has been paid.

Unofficial Copy Office of Marilyn Burgess District Clerk

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants Colsen, LLC, Gusar, LLC d/b/a Colsen Fire Pits and Amazon.com, Inc. be cited to appear and answer herein. That upon final trial, Plaintiff have judgment against Defendants Colsen, LLC, Gusar, LLC d/b/a Colsen Fire Pits and Amazon.com, Inc., for actual and exemplary damages as prayed herein, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, costs of Court, and for such other and further relief to which Plaintiffs may show themselves justly entitled in law and in equity.

Respectfully submitted,

**THE LANIER LAW FIRM, P.C.**

By: /s/ Felicia M. Hubert
      Felicia M. Hubert
      State Bar No. 17635900
      10940 W Sam Houston Pkwy N, Ste 100
      Houston, Texas 77064
      Telephone: (713) 659-5200
      Facsimile: (713) 659-2204
      Felicia.hubert@lanierlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Beth Diddle on behalf of Felicia Hubert
Bar No. 17635900
Beth.diddle@lanierlawfirm.com
Envelope ID: 97976095
Filing Code Description: Petition
Filing Description: Original Petition ($350.00)
Status as of 3/3/2025 11:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Beth Diddle | | Beth.diddle@lanierlawfirm.com | 3/3/2025 10:45:46 AM | SENT |
| Daniel Regner | | Daniel.regner@lanierlawfirm.com | 3/3/2025 10:45:46 AM | SENT |
| Felicia Hubert | | fmh@lanierlawfirm.com | 3/3/2025 10:45:46 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk