IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA LITTLE, Individually and as Next Friend of AL, <br>     Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., COLSEN, LLC and GUSAR, LLC d/b/a COLSEN FIRE PITS <br>     Defendants. | § § § § § § § § § § | Case No. 4:25-cv-01512 |

### DEFENDANT AMAZON.COM, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant Amazon.com, Inc. (hereafter, "Amazon"), by and through its undersigned counsel, hereby files its Answer to Plaintiffs Sandra Little, Individually and as Next of Friend of AL's Original Petition ("Petition"). Except as expressly admitted herein, Amazon denies all allegations contained in Plaintiffs' Petition.

### ORIGINAL ANSWER

To the correspondingly numbered paragraphs of Plaintiffs' Petition, Amazon states as follows:

### *PARTIES*

1. Amazon specifically denies that the subject product was in any way defective. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies them. Amazon does not contest that Plaintiffs reside in Harris County, Texas, as alleged.

2. Amazon admits, upon information and belief, that Colsen Firepits LLC ("Colsen") is a Forida limited liability company. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies them.

1

3.      Amazon admits, upon information and belief, that Gusar, LLC d/b/a Colsen Firepits ("Gusar") is a Florida limited liability company. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Amazon admits that Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.  Amazon states that the remaining allegations in Paragraph 4 contain legal conclusions to which no response is required; to the extent a response is required, Amazon denies the allegations.

## DISCOVERY PLAN LEVEL 3

5.      Paragraph 5 does not require a response from Amazon. To the extent a response is required, Amazon is without knowledge of the allegations and therefore denies them.

## JURISDICTION AND VENUE

6.      Amazon states that it has removed this action to the United States District Court for the Southern District of Texas.  Without admitting the truth of any allegations in Plaintiffs' Petition except as specifically admitted, Amazon avers that venue is proper in this District.

7.      Amazon admits that Plaintiffs seek the recovery stated in Paragraph 7, but denies that Plaintiffs are entitled to any such recovery from Amazon.

8.      Amazon states that it has removed this action to the United States District Court for the Southern District of Texas.  Amazon admits this Court has personal jurisdiction over it.  Amazon specifically denies that it manufactured, marketed, or sold the subject product.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

*FACTS*

9. Amazon admits Colsen and/or Gusar sold the subject product to Plaintiff on Amazon.com. Amazon specifically denies that it sold the subject product. Amazon lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

10. Amazon admits that Colsen and/or Gusar sold the subject product to Plaintiff on December 15, 2021 through Amazon's website (Order No. 114-7281260-8218649).

11. Amazon Admits that Colsen and/or Gusar sold the subject product to Plaintiff on Amazon.com. Amazon denies the remaining allegations in Paragraph 11 and all inferences drawn therefrom.

12. Amazon admits only that it has a product safety team that responds to reports of safety issues with products sold in its store, and that Amazon has policies pertaining to products that may be sold on its website. Amazon denies that the allegations in Paragraph 12 accurately characterize those policies and denies all other allegations in this Paragraph.

13. Amazon admits only that it has a product safety team that responds to reports of safety issues with products sold in its store, and that Amazon has policies pertaining to products that may be sold on its website. Amazon denies that the allegations in Paragraph 13 accurately characterize those policies and denies all other allegations in this Paragraph. Amazon specifically denies that it is a "marketplace gatekeeper and regulator" and Amazon assumed any "undertaking" as to Plaintiffs.

14. Amazon states that the allegations in Paragraph 14 refer to a writing on Amazon's website, the contents of which speak for itself. Amazon denies the remaining allegations contained

in Paragraph 14. Amazon specifically denies that any of the information contained in the article constitutes or establishes an "undertaking" as to Plaintiffs.

15. Amazon admits only that it has a product safety team that responds to reports of safety issues with products sold in its store, and that Amazon has policies pertaining to products that may be sold on its website. Amazon denies that the allegations in Paragraph 12 accurately characterize those policies. Amazon admits that it has removed products from the marketplace in response to Consumer Product Safety Commission ("CPSC") recalls. Amazon denies the remaining allegations contained in Paragraph 15. Amazon further specifically denies that it maintained "control" over the subject product.

16. Denied.

17. Denied.

18. Amazon specifically denies that it is liable to Plaintiffs for any of the injuries alleged in the Petition. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies them.

## CAUSES OF ACTION

19-40. The allegations contained in Paragraphs 19 through 40 are not directed at Amazon. Thus, no response is required. To the extent a response is required, Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 19 through 40 and therefore denies them.

41. Amazon incorporates by reference its answers to Paragraphs 1 through 40 of Plaintiffs' Petition above as though fully set forth herein.

42. Denied.

43. Amazon admits only that Colsen and/or Gusar was a third-party seller on Amazon.com. Amazon denies the remaining allegations in Paragraph 43 and all inferences drawn therefrom.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## DAMAGES

49. Amazon incorporates by reference its answers to Paragraphs 1 through 48 of Plaintiffs' Petition above as though fully set forth herein.

50. Amazon denies damages alleged in Paragraph 50 are the result of Amazon's conduct and that Plaintiffs are entitled to recovery of such damages from Amazon.

51-53. Amazon admit that Plaintiffs are seeking the damages listed in paragraphs 51, 52 and 53, including all subparts therein. By way of further response, Amazon denies that Plaintiffs are entitled to recovery of any such damages from Amazon.

54. Amazon denies that Plaintiffs are entitled to any exemplary damages and further denies that such claim is properly stated or proper under the facts of this case.

## JURY DEMAND

55. Amazon states that Paragraph 55 of the Petition does not contain allegations to which a response is required.

## *PRAYER*

Plaintiffs' prayer for relief is not an allegation and therefore does not require a response from Amazon. To the extent any part of the prayer for relief can be construed as an allegation against Amazon, Amazon denies such allegation. Amazon specifically denies that any of the relief requested in the Petition is appropriate.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

Having fully answered Plaintiffs' Petition, Amazon asserts—without assuming any burden of pleading or proof that would otherwise be with Plaintiff—the following additional and affirmative defenses:

1. Reserving the right to file other further pleadings, exceptions and/or denials, Amazon states that Plaintiffs' Petition fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Amazon.

2. Plaintiffs' claims against Amazon fail because Amazon did not design, manufacture, sell, or distribute the product at issue. *See Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 112 (Tex. 2021) (holding that Amazon is not a "seller" of third-party products sold on Amazon's website under Texas law).

3. Pleading further and in the alternative, Amazon asserts that acts of third persons, factors, instrumentalities, circumstances and conditions over which Amazon had no control and is not responsible.

4. Pleading further and in the alternative, Amazon asserts that new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct of Amazon.

5. Pleading further and in the alternative, Amazon invokes the doctrine of comparative responsibility pursuant to the provisions of Texas Civil Practice & Remedies Code Section 33.001. Plaintiffs may have failed to follow proper instructions and warnings and to exercise reasonable care, all of which may have caused or contributed to the injuries and damages alleged.

6. Amazon invokes the provisions of Section 41.0105 of the Texas Civil Practice & Remedies Code which limits the minor Plaintiff's recovery and admissibility of medical healthcare expenses incurred to the amount actually paid or incurred by or on behalf of the minor Plaintiff.

7. Any amount that Plaintiffs claim as compensatory damages, if the claims are not entirely barred, must be reduced proportionately by the fault of Plaintiffs and the fault of all others who caused or contributed to cause the harm. Amazon is entitled to have its liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code. Judgment must be entered on the basis of Amazon's fault, if any, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, including, specifically, but not limited to, Plaintiffs, Colsen and Gusar.

8. Pleading further and in the alternative, Amazon specifically denies that any act or omission on its part constitutes gross negligence. Amazon further states any award for exemplary damages is governed by Texas Civil Practice and Remedies Code §41.001, et. seq., and subject to the statutory limit set forth therein. Further, unless Plaintiff proves Amazon's liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence, any award of exemplary damages would violate Amazon's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution. The assessment of exemplary damages, a remedy that is essentially

criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and Law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States. Assessment of the amount of exemplary damages must be in accordance with constitutional limitations. These constitutional limitations as recognized by the United States Supreme Court are not adequately imposed by Texas statutes. Any award of exemplary or punitive damages that is disproportionate to the award of compensatory damages (if any) is unconstitutional under the Fifth, Eighth and Fourteenth Amendments. Any award of exemplary damages under Texas law without bifurcating the trial and trying all exemplary damages issues only if and after liability on the merits has been found, would violate Amazon's due process right guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution, and would be improper under common law and public policies of the State of Texas.

9. Amazon places at issue the negligence, fault, and responsibility, if any, of all persons or entities who contributed in any degree to the injuries, damages, and/or losses alleged by Plaintiffs in proportion to each person's or entity's negligence, fault, or responsibility. Judgment, if any, against Amazon should be diminished to an amount that represents its proportionate share of Plaintiffs' total damages, if any such damages or liability exist, which Amazon denies. Potential entities with fault include: (a) the third-party seller (doing business under the name Gusar, LLC, Colsen Fire Pits LLC, and/or Colsen LLC); and (b) the manufacturer of the product that Plaintiffs claim caused injury. At this time, the identity of additional non-parties who may have contributed to Plaintiffs' alleged injuries, damages, and/or losses is unknown to Amazon, and Amazon reserves the right to identify such additional non-parties after they become known.

10. Amazon expressly adopts and incorporates by reference herein the additional and affirmative defenses asserted by all other Defendants.

11. Amazon intends to rely upon all defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend and/or supplement these additional and affirmative defenses.

WHEREFORE, with respect to the Petition, Amazon prays for the following relief:

1. Dismissal of Plaintiffs' Claims with prejudice;

2. Entry of judgment in favor of Amazon;

3. That Amazon recover its costs and attorneys' fees in defending against Plaintiffs' claims pursuant to any applicable law; and

4. For any such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of April, 2025.

**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

*/s/ Sofia A. Ramón*
**SOFIA A. RAMÓN**
Fed. ID No. 20871/TSB No. 00784811
sramon@ramonworthington.com
efile@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT AMAZON.COM, INC.**

**OF COUNSEL:**

**DAN K. WORTHINGTON**
**Fed. ID No. 15353/TSB No. 00785282**
dworthington@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 S. Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Phone
(956) 928-9564 – Fax

**SARAH A. NICOLAS**
Fed. ID No. 32122/TSB No. 24013543
snicolas@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738
(512) 643-6005 – Phone
**ADDITIONAL COUNSEL FOR AMAZON**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 9th day of April 2025, a true and correct copy of the foregoing document was sent via electronic service to the following:

Felicia M. Hubert
THE LANIER LAW FIRM, P.C.
10940 W. Sam Houston Pkwy N. Suite 100
Houston, Texas 77064
T: (713) 659-5200
F: (713) 659-2204
E: Felicia.hubert@lanierlawfirm.com
**ATTORNEY FOR PLAINTIFFS**

                                         */s/ Sofia A. Ramón*
                                         Sofia A. Ramón